UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CURTIS REESE, <br> ROBERT IVY, AND <br> TOMMY WILLIAMS, <br><br> Plaintiffs, <br><br> vs. <br><br> GENESIS ENERGY, LLC AND <br> GENESIS MARINE, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § Docket No. 3:13-cv-00329 <br><br> JURY TRIAL DEMANDED |

## THIRD AMENDED COMPLAINT

### I. SUMMARY

1. Genesis Energy, LLC, and Genesis Marine, LLC, originally named in this lawsuit as Genesis Energy, LP, (hereinafter referred to as "Defendants") failed to pay Plaintiffs Curtis Reese, Robert Ivy, and Tommy Williams (collectively "Plaintiffs") overtime compensation as required by the Fair Labor Standards Act ("FLSA"). This lawsuit seeks to recover the unpaid overtime wages and other damages owed to Plaintiffs.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III. THE PARTIES

4. Curtis Reese worked for Defendants as a tankerman during the relevant statutory time period. His consent to be a party plaintiff has been filed with the Court.

5. Robert Ivey worked for Defendants as a tankerman during the relevant statutory time period. His consent to be a party plaintiff has been filed with the Court.

6. Tommy Williams worked for Defendants as a tankerman during the relevant statutory time period. His consent to be a party plaintiff has been filed with the Court.

7. Genesis Energy, LLC may be served by serving its registered agent **Karen N. Pape, 919 Milam, Suite 2100, Houston, Texas 77002**.

8. Genesis Marine, LLC may be served by serving its registered agent **Karen N. Pape, 919 Milam, Suite 2100, Houston, Texas 77002**.

### IV. COVERAGE UNDER THE FLSA

9. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, the Plaintiffs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTS

13. Defendants employed Plaintiffs as tankermen. As tankermen, Plaintiffs generally work 84 hours per workweek, but Defendants did not pay them overtime. Instead, Defendants classified Plaintiffs as exempt from the overtime requirements of the FLSA under the "seaman" exemption. However, Plaintiffs did not qualify for the FLSA's seaman exemption because their primary job duties were related to the loading, unloading and handling of liquid cargo from Genesis's vessels. The controlling law makes it clear this is *non*-seaman's work. Maritime

employees who spend more than 20% of their time performing such duties are not *FLSA* "seamen" – and are thus not exempt. Therefore, Defendants owe back overtime wages to Plaintiffs.

## VI. FLSA VIOLATIONS

14. During the relevant time period, Defendants violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating them for work performed in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

15. Defendants knowingly, willfully or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs overtime compensation. The decision by Defendants not to properly pay overtime compensation to Plaintiffs was neither reasonable, nor in good faith. Accordingly, Plaintiffs are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.  RELIEF SOUGHT

16. WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

    b. For an Order awarding Plaintiffs the costs of this action;

    c. For an Order awarding Plaintiffs their attorneys' fees;

    d. For an Order awarding Plaintiffs unpaid benefits and compensation in connection with the FLSA violations;

    e. For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    Andrew Dunlap
    Fed. Id. 1093163
    State Bar No. 24078444
    **FIBICH, HAMPTON, LEEBRON,**
      **BRIGGS & JOSEPHSON, L.L.P.**
    1150 Bissonnet Street
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile
    mjosephson@fhl-law.com
    adunlap@fhl-law.com

**AND**

    Richard J. (Rex) Burch
    Fed. Id. 21615
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**